# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

MINDY GILSTER,

    Plaintiff,

vs.

PRIMEBANK, PRIMEBANK, INC., and JOSEPH STRUB,

    Defendants.

No. C 10-4084-MWB

**MEMORANDUM OPINION AND ORDER REGARDING PRETRIAL MOTIONS**

_____

This case, involving claims of sexual harassment and retaliation in violation of Title VII and the Iowa Civil Rights Act (ICRA), is set for a jury trial beginning April 3, 2012. This case is before me on various pretrial motions. I will consider them in turn.

## I. DEFENDANTS' FIRST MOTION IN LIMINE

On February 21, 2012, the defendants filed their First Motion In Limine (docket no. 33), seeking to exclude three categories of evidence: (1) insinuations that defendant Strub had a sexual relationship with another Primebank employee, April Countryman, for which no evidence has yet been discovered; (2) evidence that, sometime in 2007, Strub and Countryman attended a banking convention out of town in the course of which they went to a strip club with a group of people; and (3) evidence of the Workforce Development proceeding on plaintiff Gilster's application for unemployment benefits. Gilster has not resisted this Motion and, in the Supplemental Pretrial Order (docket no. 45), Chief Magistrate Judge Paul A. Zoss states that, at the final pretrial conference, the parties indicated that this Motion is unresisted.

The only portion of this Motion that gives me pause is the second part, seeking to exclude evidence of the visit to the strip club. Ordinarily, I would likely find that such evidence is probative of an anti-female animus or sexually demeaning attitude toward women. *See, e.g., Gallagher v. C.H. Robinson Worldwide, Inc.*, 567 F.3d 263, 271 (6th Cir. 2009). Depending upon the timing, circumstances, and relationship to the plaintiff, I would also consider whether such evidence was more probative than prejudicial. *See* FED. R. EVID. 403. However, in the circumstances where the plaintiff does not resist exclusion of the evidence, I will not second guess her choice.

The defendants' February 21, 2012, First Motion In Limine (docket no. 33) is **granted in its entirety**.

## II. PLAINTIFF'S MOTION IN LIMINE

On February 21, 2012, plaintiff Gilster also filed a Motion In Limine (docket no. 34). Gilster seeks to exclude offers of settlement and/or statements made in settlement negotiations pursuant to Rule 408 of the Federal Rules of Evidence. Again, as indicated in the Supplemental Pretrial Order (docket no. 45), this Motion is unresisted. Rule 408 plainly precludes such evidence "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction," although such evidence may be offered for other purposes. FED. R. EVID. 408.[1] No party cites any permissible purpose for which such evidence might be offered in this case.

---

[1] Rule 408 of the Federal Rules of Evidence was amended effective December 1, 2011, but those amendments were "intended to be stylistic only," and not "to change any result in any ruling on evidence admissibility." FED. R. EVID. 408 Advisory Committee Notes, 2011 Amendments.

2

Therefore, plaintiff Gilster's February 21, 2012, Motion In Limine (docket no. 34) is also **granted**.

### III. PLAINTIFF'S MOTION TO PERMIT JURORS TO SUBMIT QUESTIONS

On February 29, 2012, plaintiff Gilster also filed a Motion To Permit Jurors To Submit Questions (docket no. 35). On March 15, 2012, the defendants filed a Resistance (docket no. 37) to that Motion.

Notwithstanding the defendants' Resistance, I will permit jurors to submit questions. I note that most of the authority warning of the dangers of permitting jurors to submit questions are criminal cases, in which the risk is necessarily higher. However, on occasions in the past, I have allowed jurors to submit questions in civil cases, and I will do so in this case pursuant to the following procedure:

1. I will inform the jurors at the beginning of the trial that they may submit questions in writing.

2. At the end of the testimony of each witness, the jurors will pass any written questions to the end of the row nearest the bench, my law clerk will collect them, and bring them to me.

3. I will review the questions with counsel at sidebar, and counsel may object to any questions.

    a. If I sustain an objection or otherwise determine that a question should not be asked, I will not submit the question to the witness;

    b. If there are no objections or I overrule any objection, I will read the question to the witness (paraphrased if appropriate), and counsel will then be permitted to ask any follow-up questions that they deem appropriate.

Upon these conditions, plaintiff Gilster's February 29, 2012, Motion To Permit Jurors To Submit Questions (docket no. 35) is **granted**.

### IV. PLAINTIFF'S MOTION IN LIMINE REGARDING DEFENDANTS' EXHIBIT 1007

The last pretrial motion is plaintiff Gilster's March 21, 2012, Motion In Limine Regarding Defendants' Exhibit 1007 (docket no. 46), which was filed with Judge Zoss's permission after the issue of the admissibility of this evidence arose at the final pretrial conference. In this Motion, Gilster seeks to exclude an Exhibit consisting of some 170 pages of loan applications that she and her husband made, as well as e-mails and notes regarding those loan applications, an appraisal of the Gilsters' former home, and other private documents. She acknowledges that she initially alleged that the denial of her loan applications by Primebank was in retaliation for her complaints of sexual harassment, but that she has now concluded, after reviewing discovery, that the denials likely were not retaliatory. She also represents that she does not intend to introduce any evidence of her loan applications and denials at trial. She argues that, under the circumstances, it is inappropriate to reveal the personal information contained in the loan application documents. The defendants have not resisted this motion.

In light of Gilster's representations that she does not now intend to assert that the loan denials were retaliatory, and the absence of any explanation by the defendants for their relevance and admissibility, I do not perceive any significant probative value to the challenged evidence. *See* FED. R. EVID. 401 & 402. Moreover, even assuming that it has some slight probative value, notwithstanding Gilster's representations, I find that such probative value is substantially outweighed by the potential for unfair prejudice, confusion of the issues, delay, and waste of time. *See* FED. R. EVID. 403.

Therefore, plaintiff Gilster's March 21, 2012, Motion In Limine Regarding Defendants' Exhibit 1007 (docket no. 46) is **granted**.

**IT IS SO ORDERED.**

**DATED** this 26th day of March, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA